IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AEMER K. C. EL,<br><br>             Plaintiff,<br><br>     v.<br><br>LYNN A. WEHLING et al.,<br><br>             Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 12-7750 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action, Plaintiff Aemer K. C. El[1] principally asserts a series of constitutional claims arising from his allegedly unlawful arrest by members of the Cumberland County Police Department, the City of Vineland Police Department, and the New Jersey State Police and subsequent prosecution for weapons and drug offenses in Vineland Municipal Court. This matter is before the Court upon Plaintiff's motion to amend or correct the case caption [Docket Item 69], as well as eight separately filed motions for reconsideration [Docket Items 70, 72, 73, 74, 75, 77, 78 & 80].[2] Plaintiff's motions for reconsideration are

---

[1] Plaintiff also requests his name be changed on the docket to reflect his new name, as discussed at pp. 9-10, below.
[2] Plaintiff filed his motions for reconsideration at various times over a four-month period from April, 2015 to July, 2015. Only Plaintiff's motion filed on April 30, 2015 [Docket Item 70] is timely under Local Civil Rule 7.1(i). This alone provides a basis to deny Plaintiff's other untimely motions for reconsideration filed more than 14 days after entry of the Court's April 23, 2015 Order. See Mitchell v. Twp. of

directed at the Court's April 23, 2015 Opinion and Order [Docket Items 64 & 65], screening Plaintiff's Fifth Amended Complaint under 28 U.S.C. § 1915(e)(2), in which the Court permitted only Plaintiff's claims for unlawful search and seizure, excessive force, false arrest, and malicious prosecution to proceed. See El v. Wehling, Civ. 12-7750 (JBS/JS), 2015 WL 1877667, at *1 (D.N.J. Apr. 23, 2015). The Court finds as follows:

    1.   The Court recounted the extensive procedural history of this case in its April 23, 2015 Opinion. See El, 2015 WL 1877667, at *4. It is not repeated in this opinion. It is sufficient to note that Plaintiff filed his initial Complaint on December 18, 2012. [Docket Item 1.] Judge Joseph E. Irenas dismissed Plaintiff's Complaint, as well as three subsequent motions to amend. Plaintiff appealed and upon remand was permitted to file a Fourth Amended Complaint. [Docket Item 31.]

---

Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) (noting that motion for reconsideration filed outside 14-day period prescribed by L. Civ. R. 7.1(i) may be denied on this ground alone). Plaintiff's total submissions seeking reconsideration are far in excess of the 15-page limit for such briefs under L. Civ. R. 7.2(b). Nevertheless, the Court has considered Plaintiff's submissions in their entirety, which exceed 475 pages in total. Plaintiff is hereby warned explicitly to follow the rules. If Plaintiff continues to file submissions upon the docket in disregard of the rules, his claims will be subject to dismissal. It is Plaintiff who invoked the authority of this Court in order to seek compensation from Defendants whom he has named; it is Plaintiff who must submit pleadings, briefs, and other documents that are pertinent, concise, and compliant with the governing laws and rules of procedure, or this case will not proceed.

Ultimately, the case was reassigned to the undersigned and this Court permitted Plaintiff to proceed in forma pauperis. [Docket Item 59.] The Court directed the Clerk to file Plaintiff's Fifth Amended Complaint pending screening pursuant to 28 U.S.C. § 1915(e)(2).

2.   In a 46-page decision dated April 23, 2015, the Court discussed at length Plaintiff's 537-page Fifth Amended Complaint. This was an enormous undertaking, complicated by Plaintiff's refusal to set forth a short, plain statement of his claims against each defendant including a plausible factual basis of the grounds on which he relies, and nothing more, as required by Rule 8, Fed. R. Civ. P. The Court recounted the central facts of the case and attempted to distill from Plaintiff's 49 "counts" certain possibly viable claims pursuant to 42 U.S.C. § 1983 and under New Jersey law. This opinion will not repeat that lengthy and complicated analysis. The Court noted that "[t]he majority of Plaintiff's claims appear to arise under 42 U.S.C. § 1983 including claims for excessive force, false arrest, malicious prosecution, as well as claims for violations of his constitutional rights under the First, Fourth, Eight, and Fourteenth Amendments." El, 2015 WL 1877667, at *5. The Court broke Plaintiff's voluminous pleading into the following discrete claims: (1) unlawful search and seizure; (2) unlawful strip search; (3) excessive force; 4) false arrest; (5)

3

malicious prosecution; (6) municipal liability; (7) violations under the Fourteenth Amendment; (8) violation of the Sixth Amendment; (9) violation of the First Amendment; and (10) violation of the Eighth Amendment. The Court permitted only the following four § 1983 claims to proceed: (1) unlawful search and seizure (against Defendants Lynn A. Wehling, Steven O'Neill Jr., Gamaliel "Gami" Cruz, and Kenneth Sirakides); (2) excessive force (against Defendant Steven O'Neill Jr.); (3) false arrest (against Defendants Wehling, O'Neill, Cruz, and Sirakides); and (4) malicious prosecution (against Defendants Jennifer Webb-McRae, Jonathan M. Flynn, John Riley, Inez Accosta, and Edward Duffy). Id. at *16. The Court dismissed any tort claims Plaintiff may attempt to assert for failure to comply with the notice requirements of the New Jersey Tort Claims Act. Id.

3.   Plaintiff purports to bring these "Motion[s] For Relief Upon Reconsideration And To Alter Or Amend Judgment To Prevent Manifest Injustice" pursuant to Rules 59 and 60, Fed. R. Civ. P.[3] Rule 60(b) may be invoked to seek relief from a "final judgment, order, or proceeding" upon such terms as are "just." Rule 60(b) seeks "to strike a proper balance between the

---

[3] Plaintiff also purports to bring the instant motions pursuant to "Common Law, 8 Stat. 100-105 (1786), 8 Stat. 484-487 (1836), 14 Stat. 27 (1866), 16 Stat. 140 (1870), 17 Stat. 13 (1871), 18 Stat. 335 (1875), F. R. CIV. P. 18, F. R. Civ. P. 52(b)[, and] F. R. Civ. P. 54(b)[,]" all of which are patently inapplicable.

conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978). Regardless of how Plaintiff has styled his motions, they are for reconsideration of the April 23, 2015 Opinion and Order, and therefore L. Civ. R. 7.1(i) governs the Court's analysis. L. Civ. R. 7.1(i) provides that a party moving for reconsideration must set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its prior decision. L. Civ. R. 7.1(i). "As such, a party seeking reconsideration must satisfy a high burden, and must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice."[4] Altana Pharma AG v. Teva Pharm. USA, Inc., Civ. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

    4.   As this Court has noted, "A motion for reconsideration . . . constitutes an extremely limited procedural vehicle, and does not provide the parties with an opportunity for a second

---

[4] These are the same factors that govern analysis of a motion pursuant to Rule 59(e), Fed. R. Civ. P. See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).

bite at the apple, nor a vehicle to relitigate old matters or argue new matters that could have been raised before the court made its original decision." Grant v. Revera Inc./Revera Health Sys., Civ. 12-5857 (JBS), 2015 WL 794992, at *2 (D.N.J. Feb. 24, 2015) (quotations and citations omitted). Moreover, "mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law and should be dealt with through the normal appellate process." Id. (quotations and citations omitted).

5.   Plaintiff's submissions do not identify any of the bases for reconsideration recognized by L. Civ. R. 7.1(i). Plaintiff's submissions, instead, consist of lengthy discussions of inapplicable legal principles and laws such as joinder, the New Jersey Personal Liberty law, and the Universal Declaration of Human Rights; the history of the Moors and Western colonialism; the evolution of modern policing; and events in Durham, North Carolina and Ferguson, Missouri. Just like Plaintiff's Fifth Amended Complaint, his motions for reconsideration are replete with discursions on slavery and race in America without any apparent connection to the factual allegations underlying his claims. The Court's analysis is further complicated by Plaintiff's attempt to reassert the factual basis of his purported claims without any reference to the Fifth Amended Complaint. As such, it is nearly impossible to

discern a legal or factual basis for his challenge to the Court's April 23 Opinion and Order. Although Plaintiff identifies supposed errors in the Court's Opinion as to certain Defendants, including Wehling and Hogan, Plaintiff has not identified an intervening change in controlling law; the availability of new evidence not previously available; or the need to correct a clear error of law or prevent manifest injustice, as required under L. Civ. R. 7.1(i).

6. To the extent Plaintiff argues that the Court erred in requiring him to provide nine copies of his 537-page Complaint for service, such an argument is moot as it appears that Plaintiff has complied with the Court's directive and provided such copies for service. (See Docket Item 85.) Given the nature of Plaintiff's Fifth Amended Complaint, there was no practical way to excise only the portions relevant to the four claims that the Court permitted to proceed. Requiring Plaintiff to provide copies of his extraordinarily lengthy Complaint was the only administratively reasonable approach to a problem of Plaintiff's own creation. Nor was it error for the Court to decline to consider documents entered on the docket nearly eight months after his Fifth Amended Complaint. See El, 2015 WL 1877667, at *1 n.1 (quoting Rogers v. Morrice, Civ. 12-7910 (JBS/KMW), 2013 WL 5674349, at *3 (D.N.J. Oct. 16, 2013)).

7

7.  Moreover, the Court's April 23, 2015 decision directly addressed the claims and arguments Plaintiff attempts to reallege and recapitulate in these motions for reconsideration, including his claims for false arrest [Docket Item 73], state created danger [Docket Item 74], and those based on violations under the Equal Protection and Due Process clauses of the Fourteenth Amendment [Docket Item 72 & 75] and the First Amendment [Docket Item 78]. The Court in its April 23 Opinion did not discuss at length Plaintiff's supposed claims under the Thirteenth Amendment,[5] 18 U.S.C. § 1595,[6] and 5 U.S.C. § 552(a)[7] because they lack any factual or legal basis as alleged in the Fifth Amended Complaint. Nevertheless, the Court acknowledged and discussed the purported factual basis for these claims, including Plaintiff's alleged refusal to provide his social security number while in police custody and the alleged confiscation of his Moorish ID, El, 2015 WL 1877667, at *15, as well as his varied allegations regarding human trafficking and slavery. See, e.g., Id. at *11.

---

[5] The Thirteenth Amendment states:
   Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.
   Section 2. Congress shall have power to enforce this article by appropriate legislation.
U.S. Const. amend. XIII. The Thirteenth Amendment does not give rise to a private cause of action, but may be asserted as the underlying constitutional claim for a violation of § 1983. See

8. In light of the foregoing, the Court finds that Plaintiff's motions for reconsideration are merely a sweeping expression of disagreement with the Court's prior decision. See, e.g., Ezeiruaku v. Bull, Civ. 14-2567, 2014 WL 7177128 (D.N.J. Dec. 16, 2014); Grant v. Revera Inc./Revera Health Sys.,

---

Joynes v. Meconi, Civ. 05-332, 2006 WL 2819762, at *10 (D. Del. Sept. 30, 2006); Kaveney v. Miller, Civ. 93-0218, 1993 WL 298718, at *2 (E.D. Pa. July 30, 1993). The Court does not find, nor does Plaintiff identify, any allegations in the Fifth Amended Complaint that could be construed as constituting "involuntary servitude" as defined by the Supreme Court. See United States v. Kozminski, 487 U.S. 931, 952 (1988); Channer v. Hall, 112 F.3d 214, 217 (5th Cir. 1997). This is, in short, a legally frivolous claim.

[6] This section of the Trafficking Victims Protection Action ("TVPA"), 18 U.S.C. § 1595, provides the following:
> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). Under the TVPA, it is a federal crime to knowingly:
> recruit[ ], entice[ ], harbor[ ], transport[ ], provide[ ], obtain[ ] or maintain[ ] by any means a person ... knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act.

18 U.S.C. § 1591(a). See also Ditullio v. Boehm, 662 F.3d 1091, 1094 (9th Cir. 2011). The Court does not find, nor does Plaintiff identify, any allegations in the Fifth Amended Complaint that are actionable under the TVPA. Again, Plaintiff has propounded a legally frivolous claim.

[7] This section of the Code provides general guidance to agencies of the federal government. Its relevance to this action is thus entirely unclear. There are no federal agencies alleged to have been involved in Plaintiff's local arrest and prosecution.

9

Civ. 12-5857 (JBS), 2015 WL 794992, at *3 (D.N.J. Feb. 24, 2015). Plaintiff fails to specifically identify errors in the Court's Opinion or allegations in the Fifth Amended Complaint which the Court overlooked. As such, Plaintiff has not identified any valid ground for reconsideration. The Court accordingly finds Plaintiff's arguments meritless for the reasons stated in the Court's April 23, 2015 Opinion. Therefore, the Court will deny Plaintiff's motions for reconsideration in their entirety.

     9.   The Court will, however, grant Plaintiff's motion to amend or correct the case caption. Plaintiff represents that he adopted the name El Aemer al-Mansur El Mujaddid in 2013 as part of his religious faith and requests that the case caption reflect this change, which he expresses as "El Aemer El Mujaddid." The Court will grant Plaintiff's request. An accompanying Order will be entered.

 **August 25, 2015**                       **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                           Chief U.S. District Judge