IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

EL AEMER EL MUJADDID,

                    Plaintiff,

          v.

LYNN A. WEHLING et al.,

                    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 12-7750 (JBS/JS)

**OPINION**

APPEARANCES:

Mr. El Aemer El Mujaddid
25 Maplewick Lane
Willingboro, NJ 08046
     Plaintiff, pro se

Akeel Ahmad Qureshi, Deputy Attorney General
State of New Jersey
Office of the Attorney General
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
     Attorney for Defendants Lynn A. Wehling, Steven O'Neill,
     Jr., John Riley, Jennifer Webb-McRae, and Jonathan M. Flynn

Brian H. Leinhauser, Esq.
MacMain Law Group, LLC
101 Lindenwood Drive
Suite #160
Malvern, PA 19355
     Attorney for Defendants Gamaliel Cruz, Inez Accosta, and
     Edward Duffy

Robert P. Preuss, Deputy Attorney General
State of New Jersey
Office of the Attorney General
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
     Attorney for Defendant Kenneth Sirakides

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

Pro se Plaintiff El Aemer El Mujaddid brings claims under Section 1983 stemming from an incident in which he was arrested by members of the Cumberland County Police Department, the City of Vineland Police Department, and the New Jersey State Police and prosecuted for weapons and drug offenses in the Vineland Municipal Court. The Court has already screened Plaintiff's 49-count, 537-page Fifth Amended Complaint under 28 U.S.C. § 1915(e)(2) and dismissed many of Plaintiff's claims, permitting only claims for unlawful search and seizure, excessive force, false arrest, and malicious prosecution to proceed against a handful of Defendants from the city of Vineland, the New Jersey State Troopers, and Cumberland County. [Docket Items 64 & 65.]

All Defendants now seek to dismiss the remaining claims for failure to state a claim upon which relief may be granted. [Docket Items 95, 98, 121.] Defendants Accosta and Duffy additionally seek to set aside the default entered against them on August 26, 2016. [Docket Item 96.] Plaintiff in turn seeks reconsideration of two Orders entered by this Court [Docket Item 102] and to enter a default judgment against Defendants Wehling, O'Neill, Riley, Webb-McRae, and Flynn. [Docket Item 111.] For the reasons set forth below, the Court will dismiss Plaintiff's Fifth Amended Complaint in its entirety with prejudice. The

Court finds that, even assuming that the circumstances described in the Fifth Amended Complaint are true, Plaintiff's claims are barred, variously, by the expiration of the statute of limitations on his claims, by absolute prosecutorial immunity, and by the doctrines of collateral estoppel and res judicata. As a result, the Court will grant the Vineland Defendants' request to vacate default and will deny Plaintiff's motions for reconsideration and for default judgment.

## II.  BACKGROUND

### A. Facts

The Court recounts, and accepts as true for the purpose of the pending motions, the following factual allegations as set forth in the Fifth Amended Complaint and distilled by the Court in its screening opinion of April 23, 2015. [Docket Item 64.] See El v. Wehling, Civ. 12-7750 (JBS/JS), 2015 WL 1877667 (D.N.J. Apr. 23, 2015). The difficulties presented by Plaintiff's excessively long-winded Fifth Amended Complaint have only been amplified by Plaintiff's later numerous and voluminous additional submissions in connection with these pending motions.[1]

---

[1] Plaintiff was previously warned to submit "pleadings, briefs, and other documents that are pertinent, concise, and compliant with the governing laws and rules of procedure, or this case will not proceed." Mujaddid v. Wehling, Civ. 12-7750 (JBS/JS), 2015 WL 5037709, at *1 (D.N.J. Aug. 25, 2015). Plaintiff has patently failed to comply with the Court's directive, with the Federal Rules of Civil Procedure which require a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), and with

On or about April 21, 2010, members of the Cumberland
County Narcotics Task Force, the Cumberland County Prosecutor's
Office, the City of Vineland Police, T.E.A.M., and New Jersey
State Police "forcibly gained entry into a home" where Plaintiff
was a guest. (5th Am. Compl. [Docket Item 54] ¶ 85.) Plaintiff
awoke to loud noises and yelling and found "several individuals
dressed in black pointing [MP-5 submachine guns and P220's] at
his head, back and body." (Id.) At no point did any of the
individuals identify themselves as a police officer. (Id. ¶ 86.)
The officers "removed the plaintiff from the bed, conducted a
search of his person," and took him to the rear of the property
where he was held by "the Vineland and Cumberland County
Officers." (Id.) According to Plaintiff, Sergeant Steven
O'Neill, Jr. searched Plaintiff by using "his fingers to reach
in private regions [anal and genital] [sic] of the plaintiff's
body similar to how white slavers would do to an African." (Id.)
When Plaintiff complained, "O'Neil responded by pushing the
handcuffed Plaintiff into the wooden banister" and requiring
Plaintiff to sit with "extremely tight handcuffs for two to

---

the Local Civil Rules, which limit, inter alia, the length of
briefs. L. Civ. R. 7.2(b). Plaintiff's submissions remain full
of digressions and continue to be overlong and disorganized. The
Court has considered Plaintiff's submissions in their entirety
and is not dismissing the Fifth Amended Complaint for failure to
comply with these rules, but reiterates the previous warning for
all future submissions.

three hours while the defendants searched the residence." (Id.)
While in police custody, Lynn Wehling "without identifying
herself[,] questioned the plaintiff . . . for a social security
number, name, address and birth date." (Id.) Plaintiff provided
all but his social security number. (Id.) Thereafter, Gamaliel
Cruz searched the vehicles on the property, "which were not
listed as property to be searched in the purported search
warrant or affidavit," and found Plaintiff's "Moorish Islamic
Corporate I.D. and Travel Document," then turned it over to the
Cumberland County Narcotics Task Force. (Id. ¶ 87.)

Plaintiff alleges that the officers involved in the search
were purportedly investigating "an entirely different person,"
Scott T. McArthur, and the officers had a search warrant for
McArthur's home. (Id. ¶ 88.) Plaintiff contends that he was
cooperative throughout the search, which ultimately failed to
yield any evidence of marijuana or contraband. (Id.)
Nevertheless, the officers kept Plaintiff handcuffed even though
he "posed no immediate threat" and "did not resist arrest." (Id.
¶ 89.) In addition to having guns pointed at him and being
handcuffed too tightly for an extended period of time, Plaintiff
asserts that he was incarcerated without socks which could have
led to "foot fungus on his right foot and malnutrition." (Id.)
Plaintiff asserts that State Trooper Kenneth Sirakids produced a
false report of the incident "because of that participation the

defendants were aware that the false statements and charges were filed, and that they were false." (Id. ¶ 209.)

Plaintiff's recounting of his numerous judicial proceedings is muddled, generally failing to indicate which defendants were involved with which courts at what times. He first appeared in the Superior Court of New Jersey, Criminal Division (Cumberland County) before Judge Telsey on May 7, 2010, represented by a public defender. (Id. ¶¶ 89-90, 94.) He allegedly interacted with prosecutors Jennifer Webb-McRae, Jonathan M. Flynn, and John Riley while his case was pending there. At some point between the spring of 2010 and the fall of 2012, Plaintiff's case was transferred from Cumberland County to the Vineland Municipal Court, where prosecutors Inez Accosta and Edward Duffy handled his case. Plaintiff maintains that his arrest warrant was based on false statements, was unsigned, and lacked a finding of probable cause by a judicial officer, and that numerous court documents submitted by the State were improper or forged. (Id. at ¶¶ 90-93, 1090.) Plaintiff recounts a number of discovery disputes with the prosecutors in both jurisdictions over access to the allegedly false documents and the withholding of exculpatory evidence. (Id. at 93, 96, 147, 155, 246, 1090.) The state criminal proceedings against Plaintiff were ultimately dismissed by the Vineland Municipal Court on June 20, 2013. (Id. ¶ 104, 197, 319, 334, 708.)

Plaintiff sought recourse from Cumberland County and the City of Vineland for his arrest and criminal prosecution through a variety of processes beginning in the spring of 2013, including inter alia filing citizen complaints against Defendants Wehling, Accosta, Cruz, Duffy, and O'Neill (id. ¶¶ 97-100); initiating a criminal case against Defendant Wehling alleging sexual assault in Cape May County (id. ¶¶ 102); participating in an "internal affairs investigation" by the Cape May County Prosecutor's Office (id. ¶¶ 106, 110); filing a complaint with the New Jersey Office of the Attorney General Division of Civil Rights (id. ¶ 109); and applying for compensation from the New Jersey Division of Criminal Justice Victims Compensation Office. (Id. ¶ 122). Most of these appear to have been dropped or dismissed in the ensuing months, except for a civil rights case filed in June 2013 in the Superior Court of New Jersey, Camden County, El Aemer El Mujaddid v. City of Vineland et al., CAM-L-004550-13.

Plaintiff restates excerpts from an August 1, 2014 Opinion by the New Jersey Superior Court in that case in his Fifth Amended Complaint but provides no context. (Id. ¶ 46.) The Vineland Defendants append the entirety of the state trial court's decision to their motion as Exhibit A.[2] There, the trial

---

[2] In certain circumstances, the Third Circuit permits a district court to consider materials outside the pleadings on a motion

court was presented with motions on behalf of Cumberland County and the City of Vineland to dismiss Plaintiff's complaint alleging civil rights violations arising from his arrest and criminal prosecution. Much as he has done here, Plaintiff submitted to the state court a "60-paragraph original complaint, [a] 262-paragraph first amended complaint, and [a] 323-paragraph second amended complaint." (Vineland Def. Mot. Ex. A at Da2.) The state court read allegations of constitutional violations into Plaintiff's Second Amended Complaint, which originally sought only to compel production of "discovery materials that prove or disprove the validity of his arrest" and to compel the City of Vineland Municipal Court to accept his "certifications of probable cause" in a putative criminal false arrest case against Defendant Wehling. (Id. at Da9, Da12.) The state court found that Plaintiff additionally alleged causes of action for false arrest, unreasonable force, false imprisonment, cruel treatment, and illegal confiscation of personal property arising from his April 2010 arrest and seizure of personal property (id. at Da18) and delay in prosecution, failure to disclose discovery materials, and malicious prosecution arising from his state criminal prosecution. (Id. at Da20, Da22-24, Da25-26.) As

---

dismiss. PBGC v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.")

described in the state trial court opinion, the conduct
complained of in Plaintiff's state action mirrors, so far as the
Court can tell, the allegations raised in Plaintiff's Fifth
Amended Complaint in this Court. Ultimately, the state trial
court dismissed Plaintiff's complaint in its entirety. (Id. at
Da31-33.) Plaintiff's appeal to the Superior Court of New
Jersey, Appellate Division for summary disposition was denied.
(Vineland Def. Mot. Ex. B.) His appeal of those denials to the
Supreme Court of New Jersey was dismissed on August 19, 2015 for
failure to prosecute his appeal. (Vineland Def. Mot. Ex. D.)

**B. Procedural History**

The Court recounted the extensive procedural history of
this case in its April 23, 2015 Opinion. See El v. Wehling, Civ.
12-7750 (JBS/JS), 2015 WL 1877667, at *4 (D.N.J. Apr. 23, 2015).
It is not repeated in this opinion. It is sufficient to note
that Plaintiff filed his initial Complaint on December 18, 2012.
[Docket Item 1.] Judge Joseph E. Irenas dismissed Plaintiff's
Complaint, as well as three subsequent motions to amend.
Plaintiff appealed and upon remand was permitted to file a
Fourth Amended Complaint. [Docket Item 31.] Ultimately, the case
was reassigned to the undersigned and this Court permitted
Plaintiff to proceed in forma pauperis. [Docket Item 59.] The
Court directed the Clerk to file Plaintiff's Fifth Amended
Complaint pending screening pursuant to 28 U.S.C. § 1915(e)(2).

The Court screened the Complaint, dismissing in part and permitting the following claims to proceed: unlawful search and seizure against Defendants Wehling, O'Neill, Cruz, and Sirakides; excessive force against O'Neill; false arrest against Wehling, O'Neill, Cruz, and Sirakides; and malicious prosecution against Defendants Webb-McRae, Flynn, Riley, Accosta, and Duffy. [Docket Items 64 & 65.] Plaintiff sought, and was denied, reconsideration of the Court's screening opinion. [Docket Items 91 & 92.]

The remaining claims were allowed to proceed. Pending now before the Court are a motion to dismiss and a motion to vacate default filed by Defendants Accosta, Cruz, and Duffy (collectively, the "Vineland Defendants") [Docket Items 95 & 96]; a motion to dismiss by Defendant Sirakides [Docket Item 98]; a motion to dismiss by Defendants Flynn, O'Neill, Riley, Webb-McRae, and Wehling (collectively, the "Cumberland County Defendants") [Docket Item 121]; and a motion for reconsideration [Docket Item 102] and motion for entry of default judgment by Plaintiff. [Docket Item 111.]

## III. STANDARD OF REVIEW

In determining the sufficiency of a pro se complaint, the Court must liberally construe the allegations in favor of the plaintiff, and generally accepts as true all factual allegations. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

10

The Court may, however, freely ignore the plaintiff's "legal conclusions" and need not credit a pleading that offers little more than "labels and conclusions or a formulaic recitation of the elements of a cause of action[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Rather, the plaintiff's factual allegations must be facially sufficient to demonstrate a "plausible" right to relief, by pleading factual content sufficient for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Third Circuit has held that a court may consider certain narrowly defined types of material without converting a motion to dismiss to one for summary judgment. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir.1999). Specifically, courts can consider a "document integral to or explicitly relied upon in the complaint" or "an undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on the document." Id. (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) and PBGC v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

**IV.   DISCUSSION**

Plaintiff's claims stem from a single incident on April 21, 2010 after which Plaintiff faced criminal prosecution in the Superior Court of New Jersey, Cumberland County, and later the Vineland Municipal Court. Pending now before the Court are a motion to dismiss and a motion to vacate default filed by Defendants Accosta, Cruz, and Duffy (collectively, the "Vineland Defendants") [Docket Items 95 & 96]; a motion to dismiss by Defendant Sirakides [Docket Item 98]; a motion to dismiss by Defendants Flynn, O'Neill, Riley, Webb-McRae, and Wehling (collectively, the "Cumberland County Defendants") [Docket Item 121]; and Plaintiff's motion for reconsideration [Docket Item 102] and motion for entry of default judgment. [Docket Item 111.] For the reasons that follow, the Court will grant all Defendants' motions to dismiss Plaintiff's Fifth Amended Complaint in its entirety, and will deny Plaintiff's motions for reconsideration and for default judgment.

**A.   Vineland Defendants' Motions**

**1. Motion to vacate default**

First, Defendants Accosta and Cruz, two of the three Vineland Defendants, move to set aside the Clerk's entry of default under Fed. R. Civ. P. 55(c) and 60(b). The Vineland Defendants were served with copies of Plaintiff's Fifth Amended Complaint on July 31, 2015, making a timely response due by

August 21, 2015 per Fed. R. Civ. P. 12(b)'s 21-day window.
[Docket Item 85.] On August 24, Plaintiff moved for default
against Defendants Accosta and Duffy for failure to move or
otherwise defend against his action, and the Clerk of Court
entered a default. [Docket Item 94.] That same day, all three
Vineland Defendants moved to dismiss all of Plaintiff's claims
against them and to set aside the Clerk's entry of default.
[Docket Items 95 & 96.]

Fed. R. Civ. P. Rule 55(a) provides that the clerk must
enter default "[w]hen a part against whom a judgment for
affirmative relief is sought has failed to plead or otherwise
defend" against the action. An entry of default may be converted
to a default judgment by the clerk if the moving party's claim
is for a sum certain, or by the Court on the moving party's
application. Fed. R. Civ. P. 55(b). Rule 55(c) provides that the
"court may set aside an entry of default . . . for good cause."
The Third Circuit leaves the decision to vacate the entry of
default or a default judgment to the "sound discretion of the
[trial] court." Tozer v. Charles A. Krause Milling Co., 189 F.2d
242, 244 (3d Cir. 1951). In exercising its discretion to vacate
entry of a default or a default judgment, the Court must
consider (1) whether the plaintiff will be prejudiced; (2)
whether the defendant has a meritorious defense; and (3) whether
the default was the result of the defendant's culpable conduct.

13

United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192,
194–195 (3d Cir. 1984).

In support of their motion to vacate default, the Vineland
Defendants raise three arguments. First, the Vineland Defendants
contend that there would be no prejudice to Plaintiff by setting
aside their default because Plaintiff has already litigated
these same claims in the New Jersey state court. (Vineland Def.
Mot. to Vacate Default at 6.) Second, they argue that they
present meritorious defenses to Plaintiff's claims in their
motion to dismiss because these issues have already been settled
in Defendants' favor in the state court litigation. (Id. at 7.)
Finally, they argue that their delay was not culpable because it
was caused by a miscalculation of time, not by bad faith, and
that they have otherwise demonstrated an intent to defend
against Plaintiff's claims. (Id.) Plaintiff argues, on the other
hand, that the entry of default should not be set aside because
Defendants have not demonstrated meritorious defenses in their
respective motions to dismiss and that their delay – and all
other conduct with respect to Plaintiff – is culpable. (Pl. Opp.
[Docket Item 101] at 6.)

The Court agrees with the Vineland Defendants. Nothing
counsels in favor of entering a default judgment against the
Vineland Defendants; rather, the analysis gives the Court good
cause to set aside the Clerk's entry of default. Plaintiff

14

cannot claim that the Vineland Defendants' five-day delay has prejudiced his rights meaningfully in a three year old case, especially where, as here, Plaintiff's federal case follows an identical state litigation. Furthermore, as discussed below, the Vineland Defendants present meritorious defenses in support of their motion to dismiss: Plaintiff's claims against the Vineland Defendants are barred by the doctrine of res judicata and by the expiration of a two-year statute of limitations. At this stage, the "showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." U.S. Currency, 728 F.2d at 195 (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d. Cir. 1951)). The Vineland Defendants' motion to dismiss easily meets this standard. And finally, the Vineland Defendants' conduct here is not culpable. Culpable conduct is only that which is "taken willfully or in bad faith." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983)). The record includes no indication that the Vineland Defendants' delay was in bad faith. Although these Defendants missed by a few days a deadline memorialized on the docket, they contend that was their counsel's honest mistake. (Vineland Def. Mot. to Vacate Default at 7.) A short delay of this kind, and their prompt response once notified of their

15

mistake by the entry of default on the docket, does not constitute an "obvious lack of professional competence" as Plaintiff suggests. (Pl. Opp. at 6.) Accordingly, the Court will set aside the Clerk's entry of default, will deny Plaintiff's request for entry of a default judgment against the Vineland Defendants, and will consider the merits of the Vineland Defendants' motion to dismiss Plaintiff's complaint.

### 2. Motion to dismiss by Defendants Accosta and Duffy[3]

Defendants Accosta and Duffy were Vineland Municipal Prosecutors who allegedly handled Plaintiff's state criminal case while it was pending before the Vineland Municipal Court from October 2010 until June 20, 2013. Defendants Accosta and Duffy move to dismiss Plaintiff's malicious prosecution claims on two grounds. First, they contend that they enjoy absolute prosecutorial immunity for the conduct that forms the basis of Plaintiff's claim. (Vineland Def. Mot. to Dismiss at 9.) Second,

---

[3] Plaintiff's deluge of submissions [See Docket Items 100, 101, 103, 104, 105, 106, 107, 117, 118, 119, 120, 122, 124, 125, 126, 127, 128 & 129] in opposition to Defendants' three motions to dismiss total nearly 800 pages, and, so far as the Court can interpret them, are largely inapposite to the points raised in Defendants' motions. A brief in opposition to a dispositive motion is limited to 40 pages of ordinary type (12-point non-proportional font or 14-point proportional font). L. Civ. R. 7.2(b). Instead, Plaintiff's briefs share his Complaints' flaws of incoherence, redundancy, and total disregard of both the Local Rules and this Court's previous warnings. Rather than address Defendants' points, Plaintiff's briefs continue to rehash his Complaint and the digressions contained therein.

they argue that Plaintiff is precluded by the doctrine of collateral estoppel from raising these issues again because the state court already determined that the Vineland Municipal Prosecutors are absolutely immune from Plaintiff's malicious prosecution suit. (Id. at 11.) The Court now finds that Defendants Accosta and Duffy enjoy prosecutorial immunity and cannot be sued for malicious prosecution. Plaintiff's claims against Defendants Accosta and Duffy must be dismissed.

Prosecutorial immunity is "more than a mere defense to liability." Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008). Rather, it is an entitlement not to stand trial and serves as a complete bar to suit. Mitchell v. Forsyth, 472 U.S. 511, 512 (1985). The availability of absolute prosecutorial immunity against an action under § 1983 depends on "the functional nature of the activities rather than the respondent's status" as a prosecutor. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Immunity attaches when a prosecutor engages "with the judicial phase of the criminal process," but not when she is involved in "certain investigative activities" before a criminal action is initiated and presented to a court. Id. at 430. A prosecutor enjoys immunity from suit even where she has engaged in "malicious or dishonest action," so long as she was acting as the state's advocate at the time. Id. at 427; see also Odd, 538 F.3d at 208. In other words, even if the conduct of Defendants

17

Accosta and Duffy described in the Fifth Amended Complaint is
true, Plaintiff cannot bring a suit if their conduct falls into
the category of protected activity on the State's behalf.

The inquiry into the nature of a prosecutor's activities is
a fact-specific inquiry. Odd, 538 F.3d at 209. The Third Circuit
instructs that "the timing of the prosecutor's action (e.g. pre-
or postindictment), or its location (i.e. in- or out-of-court)"
are not dispositive of, but rather relevant to the determination
of, the nature of the prosecutor's function. Id. at 210. The
state trial court, in its opinion on all defendants' motions to
dismiss, found that the Vineland Municipal Prosecutors enjoyed
prosecutorial immunity and dismissed Plaintiff's claims against
them. (Vineland Def. Mot. Ex. A at Da29.) In doing so, the state
court found that the Vineland Municipal Prosecutors acted in a
quasi-judicial capacity "as advocates on behalf of the State,
and not as mere administrators or investigators." (Id. at Da30.)
Defendants Accosta and Duffy were not part of Plaintiff's
criminal case until it was transferred to the Vineland Municipal
Court at some point between the fall of 2010 and the fall of
2012; any investigation into Plaintiff indisputably occurred
well before then, before Plaintiff was arrested on April 21,
2010. (Id.) All prosecutors were acting firmly within the realm
of "quasi-judicial" activity by then. (Id.)

18

The doctrine of collateral estoppel "bars the relitigation of an issue that has already been litigated and resolved in a prior proceeding." In re Liquidation of Integrity Ins. Co./Celotex Asbestos Trust, 67 A.3d 51, 67 (N.J. 2013). "A federal court applying preclusion principles is bound by the Full Faith and Credit statute, 28 U.S.C. § 1738, and must give a prior state court judgment the same effect as would the adjudicating state." Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988). The doctrine applies in New Jersey where "(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." Twp. Of Middletown v. Simon, 937 A.2d 949, 954 (N.J. 2008). "This doctrine precludes relitigation only of questions distinctly put in issue and directly determined adversely to the party against which the estoppel is asserted." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (citing Velasquez v. Franz, 589 A.2d 143, 153 (N.J. 1991)).

As a threshold matter, Plaintiff argues that the Vineland Defendants' "unclean hands" should bar the equitable invocation

19

of collateral estoppel. (Pl. Letter Brief [Docket Item 120] at
4-8.) In essence, Plaintiff contends that because Defendants are
guilty of misconduct related to the subject matter of the
lawsuit -- here, prosecuting Plaintiff in the Vineland Municipal
Court without probable cause -- they should be prohibited from
the relief they seek -- the dismissal of Plaintiff's suit.
Plaintiff confounds what misconduct matters in the application
of collateral estoppel. It appears that Plaintiff is asserting
only misconduct in the underlying state <u>criminal</u> prosecution,
not any misconduct by Defendants Accosta and Duffy in defending
against Plaintiff's subsequent state <u>civil</u> rights suit. Nowhere
does Plaintiff allege that Defendants' conduct kept him from a
full and fair litigation of his rights in his state civil
action, which is the only way unclean hands would prevent the
application of claim preclusion by these defendants.
Accordingly, the Court rejects Plaintiff's argument and finds
collateral estoppel potentially applicable.

Defendants assert that "[a]ll of the issues presented in
this action were decided in Plaintiff's State Court Litigation,"
<u>El Aemer El Mujaddid v. City of Vineland, et al.</u>, Docket No.
CAM-L-4550-13, Superior Court of New Jersey, Law Division
(Camden County). (Vineland Def. Mot. at 12.) Based on the state
court's decision appended to the Vineland Defendants' motion at
Ex. A [Docket Item 95-1], it is clear that the state court

20

reached a final decision on the merits on similar claims to those at issue now;[4] that those claims were actually litigated; and that Plaintiff, against whom collateral estoppel is invoked, was a party to the earlier proceeding. The key inquiries for this Court are whether the issues raised in this instant federal suit are the same as those raised in Plaintiff's earlier state suit, and whether the determination of those issues was essential to the state court's final judgment dismissing all of Plaintiff's claims.

Thus, the issue that controls this Court's analysis now – the nature of the Vineland Municipal Prosecutors' actions as described in Plaintiff's Fifth Amended Complaint, to determine whether Defendants Accosta and Duffy can be sued at all for malicious prosecution – appears to be the same as the key issue facing the state court in Plaintiff's earlier state civil suit. Further, determining the nature of the prosecutors' actions was essential to the state court's finding that the Vineland

---

[4] As recounted above, although Plaintiff did not explicitly raise these constitutional claims in his state civil rights case, the state trial court construed his complaint to include them and gave them the same careful consideration as Plaintiff's other claims for mandamus. (Vineland Def. Mot. Ex. A at Da12.) The Court finds this to mean Plaintiff's constitutional claims were "actually determined in a prior action" insofar as they were distinctly put at issue by Plaintiff's state civil rights complaint and finally determined adversely to him in the state trial court's opinion on defendants' motions to dismiss. Tarus v. Borough of Pine Hill, 916 A.2d 1036, 1050 (N.J. 2007).

prosecutors are immune from suit for their state criminal prosecution of Plaintiff. Because the issue facing this Court is identical to the issue before the state court, and because that issue was essential to the state court's final decision on the merits, the Court finds that collateral estoppel bars Plaintiff from relitigating this issue in a subsequent case. As the state court found, Defendants Accosta and Duffy enjoy prosecutorial immunity for the conduct alleged by Plaintiff because they acted in a quasi-judicial capacity; accordingly, the Court will dismiss Plaintiff's claims for malicious prosecution against these defendants.

### 3. Motion to dismiss by Defendant Cruz

All allegations against Defendant Cruz appear to arise from his actions as a Vineland police officer during the course of Plaintiff's arrest on April 21, 2010. Liberally construing the Fifth Amended Complaint, Plaintiff brings claims for unlawful search and seizure and false arrest against Cruz. Defendant Cruz argues that claims against him should be dismissed because they are time barred. The Court agrees.

The applicable limitations period for claims under § 1983 is that prescribed by the personal injury statute of limitations of the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985). In New Jersey, that is two years after the cause of

22

action accrues. N.J.S.A. 2A:14-2; see also Estate of Lagano v. Bergen County Prosecutor's Office, 769 F.3d 850, 859-60 (3d Cir. 2014). A cause of action accrues when "the plaintiff has a complete and present cause of action." Wallace, 549 U.S. at 388. In other words, for unlawful search and seizure, Plaintiff's claim accrued when the search of Mr. McArthur's home and the seizure of Plaintiff's person and property took place, on April 21, 2010. Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). False arrest is subject to a slight refinement. "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends" – or, when legal process is initiated and the claimant is no longer held without legal process. Wallace, 549 U.S. at 390. The Fifth Amended Complaint is not clear on when Plaintiff was first arraigned to initiate legal process against him, but it appears that Plaintiff first appeared in court on May 7, 2010 before Judge Telsey of the Criminal Division of New Jersey Superior Court in Cumberland County. (5th Am. Compl. ¶ 90; Vineland Def. Mot. Ex. A at Da3.) At the very latest, then, Plaintiff's false arrest claim accrued on May 7, 2010. The two year limitations period on his claims began running on those dates and expired on April 21, 2012, and May 7, 2012, respectively. Plaintiff first filed the present suit on December 18, 2012. [Docket Item 1.] His claims against Defendant Cruz are plainly time barred and must be dismissed.

**B. State Trooper Defendant's Motion to Dismiss**

All allegations against Defendant Sirakides appear to arise from his actions allegedly taken as State Trooper in the New Jersey State Police during the course of Plaintiff's arrest on April 21, 2010. Liberally construing the Fifth Amended Complaint, Plaintiff brings claims for unlawful search and seizure and false arrest against Defendant Sirakides. Defendant Sirakides now argues that claims against him should be dismissed because they are time barred, because he enjoys qualified immunity as a law enforcement officer for Plaintiff's unlawful search and seizure claims, and because Plaintiff's false arrest allegations are insufficient to tie him to Plaintiff's arrest. (Sirakides Mot. at 7, 10). The Court agrees. The Court finds Plaintiff's claims for unlawful search and seizure and false arrest are untimely for the same reason as those same allegations against Defendant Cruz. As a result, the Court need not reach Defendant Sirakides's qualified immunity and sufficiency of the complaint arguments. Accordingly, the claims against Defendant Sirakides must be dismissed.

**C. Cumberland County Defendants' Motion to Dismiss**

The Fifth Amended Complaint presents claims against a number of defendants acting on behalf of Cumberland County, including claims for unlawful search and seizure and false arrest against Cumberland County Detective Defendant Wehling;

24

unlawful search and seizure, excessive force, and false arrest
against Cumberland County Investigator Defendant O'Neill; and
malicious prosecution against Cumberland County prosecutors
Defendants Webb-McRae, Flynn, and Riley.

### 1. Motion to dismiss by Defendants Wehling and O'Neill

All allegations against Defendants Wehling and O'Neill
appear to arise from their actions allegedly taken as members of
the Cumberland County Narcotics Task Force during the course of
Plaintiff's arrest on April 21, 2010. Liberally construing the
Fifth Amended Complaint, Plaintiff brings claims for unlawful
search and seizure and false arrest against Defendant Wehling
and unlawful search and seizure, excessive force, and false
arrest against Defendant O'Neill. Defendants Wehling and O'Neill
now argue that claims against then should be dismissed because
they are time barred and because they are barred by the doctrine
of res judicata. (Cumberland Mot. at 7, 10.) The Court agrees
that Plaintiff's claims are time barred and finds Plaintiff's
claims for unlawful search and seizure, excessive force,[5] and
false arrest untimely for the same reason as those same
allegations against Defendants Cruz and Sirakides. As a result,

---

[5] Claims for excessive force under § 1983 follow the same two-
year limitations period prescribed by the New Jersey personal
injury statute of limitations as those for unlawful search and
seizure. Wilson, 471 U.S. at 273-75. Plaintiff's claim for
excessive force accrued when the alleged use of force occurred,
on April 21, 2010, and thus expired on April 21, 2012.

the Court need not reach Defendants Wehling and O'Neill's res judicata argument. Accordingly, the claims against Defendants Wehling and O'Neill must be dismissed.

### 2. Motion to dismiss by Defendants Webb-McRae, Flynn, and Riley

Defendants Webb-McRae, Flynn, and Riley, all prosecutors with the Cumberland County Superior Court, move to dismiss Plaintiff's malicious prosecution claim against them because Plaintiff's claim is precluded by res judicata and because they enjoy absolute prosecutorial immunity for their alleged conduct. (Cumberland Mot. at 10, 13.)

Plaintiff's claim against Defendants Webb-McRae and Flynn is barred by the doctrine of res judicata, from the final judgment issued in Plaintiff's state civil rights case, El Aemer El Mujaddid v. City of Vineland, et al., Docket No. CAM-L-4550-13, Superior Court of New Jersey, Law Division (Camden County). Unlike collateral estoppel, which precludes parties from relitigating only particular issues, res judicata bars the entirety of a plaintiff's subsequent claim whether it was actually litigated or could have been litigated. "A party seeking to invoke res judicata must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Duhaney v. AG of the United

States, 621 F.3d 340, 347 (3d Cir. 2010) (citing In re
Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)). Successive
lawsuits are based on the same cause of action "if they are
based on substantially the same operative facts, regardless of
the relief sought in each suit." United States v. Tohono O'Odham
Nation, 563 U.S. 307, 317 (2011); see also Sheridan v. NGK
Metals Corp., 609 F.3d 239, 261 (3d Cir. 2010) ("[R]es judicata
is generally thought to turn on the essential similarity of the
underlying events giving rise to the various legal claims."). In
other words, a plaintiff cannot sue twice for the same course of
conduct, even if he attaches different labels to the claims
arising from the same underlying conduct.

In this case, Plaintiff's instant federal civil rights suit
is "based on the same cause of action" as his previous state
civil rights suit – the April 21, 2010 search, seizure, and
arrest and his subsequent criminal prosecution in Cumberland
County and later the Vineland Municipal Court. The state trial
court reached a final judgment on the merits when it dismissed
Plaintiff's complaint with prejudice for failure to state a
claim and when his appeals to the Superior Court, Appellate
Division and the New Jersey Supreme Court were dismissed. (See
Vineland Def. Mot. Ex. B, Ex. C.) Defendants Webb-McRae and
Flynn previously defended against Plaintiff's state court
lawsuit, and the addition of Defendant Riley to this action does

not affect the applicability of res judicata. Sheridan, 609 F.3d at 261. Accordingly, the Court finds the elements of res judicata satisfied. Plaintiff's malicious prosecution claims against Defendants Webb-McRae and Flynn in this action are precluded by the state court's judgment.

Because Defendant Riley was not a party or privy to a party to Plaintiff's state court lawsuit, he cannot invoke the doctrine of res judicata. Bates Marketing Assoc., Inc. v. Lloyd's Electronics, Inc., 464 A.2d 1142, 1144 (N.J. App. 1983). ("Consequently, a claim against a person who was not a party to the initial litigation is ordinarily not precluded from being subsequently litigated even if it is the same as or transactionally related to the claim which was the subject of the initial litigation.")

Nonetheless, Plaintiff's malicious prosecution claims against Defendant Riley must be dismissed because he enjoys absolute prosecutorial immunity for the conduct that forms the basis of Plaintiff's Fifth Amended Complaint. As discussed above with respect to the Vineland Municipal Prosecutors, Defendants Accosta and Duffy, absolute immunity protects a prosecutor from suit where she acts in a "quasi-judicial capacity" and engages "with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. Plaintiff has offered no allegations that Defendant Riley was involved in "investigatory activities" before the

28

initiation of Plaintiff's state criminal prosecution. Instead, all of Plaintiff's allegations in the Fifth Amended Complaint pertain to his conduct as a prosecutor and an advocate for the State during Plaintiff's criminal case, including inter alia withholding of exculpatory evidence (5th Am. Compl. ¶¶ 147, 237, 243, 252, 622, 718) and misrepresenting facts to the New Jersey state courts. (Id. ¶¶ 153, 246, 333, 415, 469, 524, 526, 768, 769.) In other words, even if Defendant Riley's conduct as described in the Fifth Amended Complaint is true, Plaintiff cannot bring a suit because his conduct falls into the category of protected activity.

Accordingly, the Court will dismiss Plaintiff's claims against Defendants Wehling and O'Neill as time barred, the claims against Defendants Webb-McRae and Flynn as precluded by res judicata from Plaintiff's state lawsuit, and the claims against Defendant Riley as barred by prosecutorial immunity.

## D. Plaintiff's Motions

Also pending before the Court are two motions by Plaintiff to vacate two court orders [Docket Item 102] and for entry of default judgment against Defendants Wehling, O'Neill, Riley, Webb-McRae, and Flynn. [Docket Item 111.] For the reasons that follow, the Court will deny both motions.

### 1. Motion for reconsideration

First, Plaintiff seeks to vacate this Court's orders dated 4/23/15 and 8/25/15 "to prevent manifest injustice." [Docket Item 102.] The Opinion and Order [Docket items 64 & 65] issued on April 23, 2015 screened Plaintiff's Fifth Amended Complaint under 28 U.S.C. § 1915(e)(2) and permitted only Plaintiff's claims for unlawful search and seizure, excessive force, false arrest, and malicious prosecution. The August 25, 2015 Opinion and Order [Docket Items 91 & 92] denied Plaintiff's motion for reconsideration of its screening opinion. The Court will construe this motion as one for reconsideration pursuant to L. Civ. R. 7.1(i).

The Local Rules provide that a party moving for reconsideration must set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its prior decision. L. Civ. R. 7.1(i). "As such, a party seeking reconsideration must satisfy a high burden, and must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; (3) or (3) the need to correct a clear error of law or prevent manifest injustice." Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). As this Court has noted, "A motion for reconsideration . . . constitutes an extremely limited

procedural vehicle, and does not provide the parties with an opportunity for a second bite at the apple, nor a vehicle to relitigate old matters or argue new matters that could have been raised before the court made its original decision." Grant v. Revera Inc./Revera Health Sys., Civ. 12-5857 (JBS), 2015 WL 794992, at *2 (D.N.J. Feb. 24, 2015) (quotations and citations omitted). Moreover, "mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law and should be dealt with through the normal appellate process." Id. (quotations and citations omitted).

Plaintiff's motion must be denied for three reasons. First, L. Civ. R. 7.1(i) provides no mechanism for reconsideration of an order denying reconsideration. See Grant v. Revera Inc., No. 12-5857, 2015 WL 4139602, at *2 (D.N.J. July 8, 2015) (finding successive motions for reconsideration prohibited under the Local Rule). Rather, the appropriate procedure for challenging this Court's decision to enter judgment in Defendants' favor and to deny reconsideration is an appeal to the Court of Appeals for the Third Circuit when a final judgment has been entered. See FED. R. APP. P. 4(a).

Second, even if Plaintiff's motion could be brought, the motion is untimely. Plaintiff filed his motion on September 15, 2015. [Docket Item 102.] Motions under L. Civ. R. 7.1(i) must be served and filed within 14 days after the entry of the order;

31

Plaintiffs waited nearly five months before challenging the
April 23 screening opinion and three weeks before challenging
the August 25 Order denying reconsideration of the screening
opinion. This alone provides a basis to deny Plaintiffs'
untimely motion for reconsideration. Mitchell v. Township of
Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012).

Notwithstanding the procedural deficiency and timeliness
issues, Plaintiff's motion for reconsideration lacks merit.
Plaintiff identifies six purported errors made in the Court's
April 23 screening opinion that render it void: that the Court
failed to address Plaintiff's allegations that seizure of his
Moorish identification constitute an unlawful seizure in
violation of the Fourth Amendment; that the Court failed to
consider Plaintiff's malicious prosecution allegations against
Defendant Wehling; that the Court ignored Plaintiff's civil RICO
allegations that Defendant Sirakides submitted a false report;
that the Court overlooked Plaintiff's Thirteenth-Amendment based
claims; that the Court refused to consider Plaintiff's
allegations of claims establishing Monell liability; and that
the Court ignored Plaintiff's allegations under a "state created
danger theory." These arguments merely reiterate the supposed
errors identified in Plaintiff's earlier motions for
reconsideration of the screening opinion. The Court reiterates

its earlier admonition about the propriety of Plaintiff's motion

for reconsideration:

> [T]he Court's April 23, 2015 decision directly addressed
> the claims and arguments Plaintiff attempts to reallege
> and recapitulate in these motions for reconsideration,
> including his claims for false arrest [Docket Item 73],
> state created danger [Docket Item 74], and those based
> on violations under the Equal Protection and Due Process
> clauses of the Fourteenth Amendment [Docket Item 72 &
> 75] and the First Amendment [Docket Item 78]. The Court
> in its April 23 Opinion did not discuss at length
> Plaintiff's supposed claims under the Thirteenth
> Amendment, <u>18 U.S.C. § 1595</u>, and <u>5 U.S.C. § 552(a)</u>
> because they lack any factual or legal basis as alleged
> in the Fifth Amended Complaint. Nevertheless, the Court
> acknowledged and discussed the purported factual basis
> for these claims, including Plaintiff's alleged refusal
> to provide his social security number while in police
> custody and the alleged confiscation of his Moorish
> ID, *El*, 2015 WL 1877667, at *15, as well as his varied
> allegations regarding human trafficking and
> slavery. <u>See</u>, <u>e.g.</u>, <u>Id.</u> at *11.

<u>Mujaddid v. Wehling</u>, Case No. 12-7750, 2015 WL 5037709, at *3 (Aug.

25. 2015). The Court finds that Plaintiff has again failed to

specifically identify errors in the Court's Opinion and will deny

Plaintiff's motion for reconsideration of its screening opinion

dismissing certain of Plaintiff's claims.

### 2. Motion for entry of default judgment

Additionally, Plaintiff requests entry of default judgment

against Defendants Wehling, O'Neill, Riley, Webb-McRae, and

Flynn, the Cumberland County Defendants. [Docket Item 111.]

Fed. R. Civ. P. Rule 55(a) provides that the clerk must enter

default "[w]hen a part against whom a judgment for affirmative

33

relief is sought has failed to plead or otherwise defend"
against the action. An entry of default may be converted to a
default judgment by the clerk if the moving party's claim is for
a sum certain, or by the Court on the moving party's
application. Fed. R. Civ. P. 55(b). The Court must consider the
same factors when deciding whether to enter a default judgment
as when faced with a motion to vacate entry of a default or a
default judgment: (1) whether the plaintiff will be prejudiced;
(2) whether the defendant has a meritorious defense; and (3)
whether the default was the result of the defendant's culpable
conduct. United States v. $ 55,518.05 in U.S. Currency, 728 F.2d
192, 194-195 (3d Cir. 1984).

The Cumberland County Defendants were served with copies of
Plaintiff's Fifth Amended Complaint on July 31, 2015, making a
timely response due by August 21, 2015 per Fed. R. Civ. P.
12(b)'s 21-day window. [Docket Item 85.] The Cumberland County
Defendants moved on August 21 for an order granting a 30-day
extension to file an answer or otherwise plead. [Docket Item
88.] The Cumberland County Defendants, represented by new
counsel, moved a second time on September 23 for a 30-day
extension of time, noting that no order had even been entered on
their first motion and that they had permission from Judge
Schneider's chambers to do so. [Docket Item 109-2 at 4-5.] That
same day, Plaintiff moved for entry of default judgment against

34

the Cumberland County Defendants. [Docket Item 111.] Thereafter, Judge Schneider granted Defendants' request for an extension of time on September 24, giving them until October 30, 2015 to answer or otherwise plead. [Docket Item 112.] The Cumberland County Defendants then moved on October 30, 2015 to dismiss the Fifth Amended Complaint. [Docket Item 121.]

None of the factors guiding this Court's consideration of a motion for default judgment counsel in favor of granting Plaintiff's motion. Plaintiff cannot claim to be prejudiced by Defendants' delay. As evidenced by the filing of two motions for an extension of time and by the Certification of Akeel A. Quereshi accompanying the second motion, Defendants manifested an intention to defend against Plaintiff's action. Nor can a two-month delay prejudice Plaintiff's case where, as here, Plaintiff's federal case follows an identical state case that was in active litigation until August 19, 2015. Moreover, as discussed at length above, Defendants present meritorious defenses – all of which stand as complete bars to Plaintiff's suit and which would prejudice Defendants if this suit is allowed to proceed. Finally, Defendants' delay was not a result of culpable conduct. Mr. Quereshi describes circumstances constituting good cause to expand Defendants' time to respond to the Fifth Amended Complaint in his certification: Defendants' delay was caused by a misunderstanding of the date at which an

extension would take effect, by a change in counsel, and by the time it takes for the State to complete an investigation into the events and legal claims alleged in Plaintiff's Fifth Amended Complaint. [Docket Item 109-2 at 4, 6.] As such, the Court finds that a default judgment should not be entered in this case against Defendants Wehling, O'Neill, Riley, Webb-McRae, and Flynn. Accordingly, the Court will deny Plaintiff's motion for default judgment.

**V.    CONCLUSION**

In light of the foregoing, the Court will dismiss Plaintiff's Fifth Amended Complaint with prejudice. Under Rule 15(a), "the court should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). A court may deny leave to amend a complaint where it is apparent that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." United States ex rel. Schumann v. Astrazeneca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). Because the Court finds that Plaintiff's claims must be dismissed as a matter of law for untimeliness, issue and claim preclusion, and prosecutorial immunity, and not merely because they are described by insufficient allegations, any amendment would be futile. Moreover, Plaintiff has had ample opportunity

36

over three years and five iterations of his complaint to resolve any deficiencies in his complaint. Plaintiff may not amend his complaint a sixth time.

Additionally, the Court will grant Defendants Accosta and Duffy's motion to vacate default and will deny Plaintiff's motion for reconsideration and motion for default judgment.

**January 25, 2016**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge